# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-5455** |
| | ) | |
| **MATTHEW KNOOT** | ) | |

## DEFENSE COUNSEL'S MOTION TO WITHDRAW

Pursuant to 6 Cir. R. 12(c)(4)(D), undersigned counsel respectfully moves to withdraw as counsel of record in this Court, so that another lawyer can be assigned[1] to represent Mr. Knoot and consider a potentially nonfrivolous claim of ineffective assistance of counsel.

Undersigned counsel represented Mr. Knoot in district court case, M.D. Tenn. No. 3:24-cr-151. At the sentencing hearing, Mr. Knoot was sentenced to serve 18 months in custody, and he was given until June 20, 2026 to self-report to begin service of this sentence. *Judgment*, R. 141.

---

[1] On August 8, 2024, Mr. Knoot was found to be financially unable to employ counsel by the District Court, and counsel was appointed. R. 11.

Subsequently, on May 20, 2026, Mr. Knoot filed a Notice of Appeal in this case. Counsel understands that Mr. Knoot's intended ground for appeal is ineffective assistance of counsel. The plea agreement in this case contains an appeal waiver, but it specifically permitted Mr. Knoot to file an appeal or other collateral attack based on a "claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." *Plea Agreement*, R. 119, PageID# 703.

This Court has held that it "would be unreasonable to expect counsel to raise an ineffective assistance claim against himself." *Fautenberry v. Mitchell*, 515 F.3d 614, 640 (6th Cir.2008). "Aside from the potential conflict of interest inherent in such a claim——'even the scrupulous attorney searching the record in good faith would likely be blind to his [own] derelictions....'" *United States v. Munoz*, 605 F.3d 359, 369 (6th Cir. 2010) (quoting *Billy–Eko v. United States,* 8 F.3d 111, 114 (2d Cir.1993)).

Thus, counsel respectfully submits that he should be permitted to withdraw from representation, and Mr. Knoot should be appointed counsel who is ethically equipped to explore whether a non-frivolous claim of ineffective assistance can properly be advanced on appeal.

Undersigned counsel hereby certifies that he has orally communicated with Mr. Knoot his intent to withdraw and that he has notified Mr. Knoot that he has 14 days from service of this motion to file a response. A copy of this motion is being mailed to client simultaneously with the filing of the motion.

Respectfully submitted,


s/ *David Fletcher*
DAVID  FLETCHER
Assistant Federal Public Defender
164 Rosa L. Parks Blvd.
Nashville, Tennessee 37203
615-695-6951
David_fletcher@fd.org

Attorney for Matthew Knoot

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that May 21, 2026, I submitted to the U.S. Court of Appeals for the Sixth Circuit, *via electronic filing*, the foregoing Motion to Withdraw. This motion has also been sent, *via electronic mail,* to Mr. Joshua A. Kurtzman, Assistant U.S. Attorney, 719 Church St., Suite 3300, Nashville, Tennessee 37203; Gregory Nicosia, Jr., U.S. Department of Justice, 950 Pennsylvania Avenue N.W., Washington DC 20530.

s/ *David K. Fletcher*
DAVID K. FLETCHER